UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Yuanxing Liu,** *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 14-cv-01516 (APM) ) |
| **Loretta Lynch,** *et al.*, | ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiffs Yuanxing Liu and Nan Huang are a married couple who currently reside in East Brunswick, New Jersey. They filed suit in this court against the heads of the Departments of Justice and Homeland Security, alleging that Defendants unlawfully rescinded their status as lawful permanent residents; improperly denied Plaintiff Liu's application for a replacement Permanent Resident Card; and improperly denied Plaintiff Huang's application for naturalization. Defendants moved to dismiss on several grounds, including lack of subject matter jurisdiction and improper venue. Because 8 U.S.C. § 1421(c)—the statute that permits judicial review of a decision to deny naturalization—contains a specific venue provision that requires such claims to be brought in the judicial district where the applicant resides, this matter shall be transferred in its entirety to the District of New Jersey. Although Plaintiffs' other claims could be heard in this district, the court finds that allowing all claims to be heard together—rather than splitting them between two venues—will better serve the interest of preserving judicial and party resources.

II.     BACKGROUND

   A.     Factual Background

In 1999, Plaintiff Liu filed an I-485 Application to Register Permanent Residence or Adjust Status on behalf of himself and his wife, Plaintiff Huang, with the United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"). Compl., Exhibits, ECF No. 3, at 6-9.  In 2004, USCIS informed both Liu and Huang that their petitions had been approved, and they each received a Permanent Resident Card effective June 8, 2004. *Id.* at 11-12, 24-25.

On September 8, 2011, Liu filed an Application to Replace Permanent Resident Card—for himself only—with USCIS. *Id.* at 14-16.  Eighteen months later, on May 15, 2013, USCIS denied Liu's application on the ground that, according to USCIS' records, he was not, in fact, a lawful permanent resident. *Id.*  USCIS explained that Liu's I-485 Application "was unlawfully approved by former USCIS employee Robert Schofield who engaged in criminal conduct by approving" Liu's application, "without requiring [a] proper USCIS fee and without an underlying petition approved on [his] behalf." *Id.* at 14.  USCIS notified Liu that he had 30 days to submit a "written rebuttal to the adverse information." *Id.* at 16.

Meanwhile, Plaintiff Huang had filed an Application for Naturalization, which was received by USCIS on June 24, 2009. *Id.* at 22.  Over four years later, on January 15, 2014, USCIS denied her application on same ground that it had denied Liu's application for a replacement Permanent Resident Card—she was not, according to USCIS' records, a lawful permanent resident. *Id.* at 22-23.  USCIS explained that, although it had located her I-485 Application to Adjust Status, it could not verify that Huang's application had been properly received and paid for.

*Id.* USCIS informed Huang that if she wished to contest the denial, she could submit a request for a hearing within 30 days; otherwise, the decision would become final. *Id.* at 22.[1]

### B.      Procedural History

On September 5, 2014, Plaintiffs brought a claim for declaratory and injunctive relief against Defendants—former Attorney General Eric Holder (who has since been replaced by Loretta Lynch) and Jeh Johnson, Secretary of DHS—in their official capacities. Compl. ¶¶ 21-22. Plaintiffs sought the following forms of relief: (1) a declaration by this court that they are in fact lawful permanent residents or, alternatively, that Defendants unlawfully rescinded their lawful permanent resident status without proper process; (2) an order requiring DHS to reopen Liu's application to replace his Permanent Resident Card; (3) an order requiring DHS to reopen Huang's naturalization application; and (4) reasonable attorney's fees and costs. *Id.* ¶ 34.

According to Plaintiffs, this court has jurisdiction under the general federal question jurisdiction statute, 28 U.S.C. § 1331, because their claims arise under various federal statutes: (1) the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*; (2) the Declaratory Judgment Act, 28 U.S.C. § 2201; and (3) the Administrative Procedure Act, 5 U.S.C. § 701 *et seq. Id.* ¶¶ 23-24. Defendants moved to dismiss all of Plaintiffs' claims primarily for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Defs.' Mot. to Dismiss, ECF 9, at 7-12 [hereinafter Defs.' Mot.], but also asserted that "this action should have been filed in the District of New Jersey," *id.* at 11. Plaintiffs counter that the court has subject matter jurisdiction as to all of their claims and that venue is proper in the District of Columbia. *See generally* Pls.' Opp'n.

---

[1] Although Defendants argue that Huang's claim regarding the denial of her naturalization application should be dismissed for failure to exhaust her administrative remedies, there appears to be factual dispute as to whether she, in fact, did so. *Compare* Defs.' Mot., Ex. B, Declaration of John E. Thompson, ECF No. 9-1, ¶ 3 (attesting that in the letter denying Huang's naturalization application, she was notified that she had 30 days to file a request for a hearing on the adverse decision, and that "[s]he did not do so") *with* Pls.' Opp'n at 14 (stating that after her naturalization application was denied, Huang "appealed the decision to the AAO"). Because the court is transferring this matter in its entirety, it does not resolve this factual dispute.

### III. ANALYSIS

"[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citations and internal quotation marks omitted). This court therefore is within its discretion to rule on Defendants' assertion of improper venue before addressing their challenge to subject matter jurisdiction. *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) ("Adjudicative efficiency favors resolving the venue issue before addressing whether subject matter jurisdiction exists."); *see also Brodt v. Cnty. of Harford*, 10 F. Supp. 3d 198, 200 (D.D.C. 2014) (citing cases).

Where, as here, the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, the general venue statute provides that

> a civil action . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Because Defendants Loretta Lynch and Jeh Johnson are heads of agencies headquartered in the District of Columbia, Plaintiffs' claims would be properly venued in this court, unless "otherwise provided by law."

Venue for one of Plaintiffs' claims—Plaintiff Huang's claim concerning denial of her naturalization application—however, is "otherwise provided by law." Title 8 U.S.C. § 1421(c) provides that: "A person whose application for naturalization . . . is denied . . . may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c). Although our Court of Appeals has not addressed whether the venue provision in Section 1421(c) is mandatory or permissive, the weight of authority provides that claims brought under Section 1421(c) must be heard in the district where the applicant resides. *See, e.g.*, *Huang*

4

*v. Napolitano*, 721 F. Supp. 2d 46, 51-52 (D.D.C. 2010) (stating, in dicta, that while the proper interpretation of Section 1421(c) appears to be an issue of first interpretation in this Circuit, the statute "clearly indicates Congress' intent that the . . . district court located in the district in which an applicant resides is appropriately positioned to review the denial of an applicant's naturalization application"); *Omari v. Ashcroft*, Civ. No. 04-1740, 2005 WL 475345, at *2-3 (D. Minn. Feb. 18, 2005) ("[A]n action brought under § 1421(c) can be brought *only* in the district where the applicant resides, regardless of what the general federal venue statutes might otherwise provide." (footnote omitted)); *Ron v. Gantner*, Civ. No. 03-3226 (GBD), 2004 WL 2634361, at *1 (S.D.N.Y. Nov. 17, 2004) (holding that Section 1421(c) precludes review of plaintiff's claim and dismissing action brought under Section 1421(c) based on improper venue); *Van Tran v. INS*, Civ. No. 01-151-AS, 2002 WL 32784571, at *2 (D. Or. Feb. 14, 2002) (holding that Section 1421(c) precludes review of petitioner's claim and transferring the case to the Western District of Washington, where petitioner resided). In this case, Plaintiffs reside in East Brunswick, New Jersey. Compl. ¶ 20. Therefore, Plaintiff Huang's claim regarding her naturalization application is properly venued in the District Court for the District of New Jersey and not in this court. Plaintiffs' other claims—concerning their lawful permanent residence status and Liu's replacement Permanent Resident Card—likewise are properly venued in the District of New Jersey under the general venue statute because Plaintiffs are residents in that district. *See* 28 U.S.C. § 1391(e)(1)(C).

Plaintiff Huang's improperly-venued Section 1421(c) claim cannot be salvaged, and heard by this court, under the doctrine of "pendent venue." Generally, the doctrine of "pendent venue" allows a court to exercise its discretion to hear claims that are brought in the wrong venue, provided that other claims are brought in the proper venue and certain other conditions are met. *See Sierra Club v. Johnson*, 623 F. Supp. 2d 31, 37 (D.D.C. 2009) (citation omitted). "Pursuant to pendent

venue, federal courts may exercise their discretion to hear claims as to which venue is lacking if those claims arise out of a common nucleus of operative facts as the claims that are appropriately venued *and* the interests of judicial economy are furthered by hearing the claims together." *Id.* (citing *Beattie v. United States*, 756 F.2d 91, 102–03 (D.C.Cir.1984), *abro'd on other grounds by*, *Smith v. United States*, 507 U.S. 197 (1993)).  However, that doctrine does not apply where, as here, the improperly venued claims are subject to a specific venue statute.  *Id.* ("Where a special venue provision places venue in a specific district, such a provision controls venue for that claim, even where it arises from a common nucleus of operative fact as a properly situated claim." (citations omitted)).

For example, in *Boggs v. United States*, the court refused to invoke pendent venue over a Federal Tort Claims Act claim in part because doing so would "place this court in the position of circumventing otherwise clear congressional intent as to where FTCA claims are to be heard." 987 F. Supp. 11, 18-19 (D.D.C. 1997).  Similarly, in *Bartel v. FAA*, the court declined to exercise pendent venue because it "lacks the authority to ignore [] congressional intent to limit" the venues in which Title VII actions may be brought, despite the fact that other claims were properly brought in this district under the general venue statute. 617 F. Supp. 190, 197 n. 33 (D.D.C. 1985) (citations omitted).  *See also Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (courts in this Circuit should carefully examine venue challenges to "guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere.").

Like the statutes at issue in the above cases, Section 1421(c) contains a specific venue provision reflecting congressional intent that a claim for review of a denial of a naturalization

application must be brought in the district where the applicant resides.  Therefore, this court cannot exercise pendent venue to hear Plaintiff Huang's Section 1421(c) claim.

Having determined that venue is improper as to Huang's Section 1421(c) claim, the court will transfer this matter in its entirety to the District of New Jersey.  Pursuant to 28 U.S.C. § 1406(a), a court in the district where venue is not proper may decide whether to dismiss the action or, in the interest of justice, transfer the case to a district where venue would be proper. *See also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("The decision whether a transfer or a dismissal is in the interest of justice [] rests within the sound discretion of the district court." (citations omitted)).  Here, the court finds that the interest of justice merits transferring this case, rather than dismissing it.  And although Plaintiffs' other claims could be heard in this district, the court finds that transferring the case in its entirety is appropriate here, instead of splitting up the claims, to ensure that the claims are all heard together in the interest of preserving judicial and party resources.  *See Sierra Club*, 623 F. Supp. 2d at 38 n. 4 (stating that "courts in this district have consistently transferred an *entire* case to another judicial district, rather than bifurcate the litigation" (citation omitted)).

IV.     CONCLUSION

For the foregoing reasons, this action shall be transferred in its entirety to the District of New Jersey.[2]  A separate Order shall accompany this Memorandum Opinion.

Dated:  December 8, 2015

Amit P. Mehta
United States District Judge

---

[2] Although this court has not ruled on the merits of Defendants' motion to dismiss, it has considered the parties' respective positions and alerts the transferee court to the case of *Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008), which neither party has cited, as bearing on whether subject matter jurisdiction exists over Plaintiffs' claims under the Administrative Procedure Act.